[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12117
Non-Argument Calendar
_____

D.C. Docket No. 2:16-cr-14076-DMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANE RANDOLPH BLAIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2018)

Before WILSON, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Stephane Randolph Blain appeals the district court's decision to apply a two-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(11)(B)(i) and (C)(i),(ii). The enhancement is for production or trafficking of unauthorized access devices. Blain argues that the district court improperly applied the enhancement because the fraudulently opened bank accounts at issue were not opened in Blain's name, or in the names of any of his co-conspirators; the government produced no evidence of "direct contact" between Blain and the bank; and no embossing machines or other card production technology was found in this case.

We review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cruz,* 713 F.3d 600, 605 (11th Cir. 2013). Interpretation of the Guidelines begins with the "plain language and, absent ambiguity, no additional inquiry is necessary." *Id.* at 607.

Section 2B1.1(b)(11) provides for a two level increase if the offense involved:

> (B) the production or trafficking of any (i) unauthorized access device or counterfeit access device, or . . . (C)(i) the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification, or (ii) the possession of 5 or more means of identification that unlawfully were produced from, or obtained by the use of, another means of identification.

§ 2B1.1(b)(11). "Production" is broadly construed and "includes a situation in which a defendant willfully causes or induces an innocent third party to produce an unauthorized access device." *United States v. Taylor*, 818 F.3d 671, 678–79 (11th

2

Cir. 2016). "Unauthorized access device" includes cards or personal identification numbers that can be used "to obtain money, goods, services, or any other thing of value" that were stolen or obtained with the intent to defraud. 18 U.S.C. § 1029(e); *see* § 2B1.1, cmt. n.10(A). Debit cards and social security numbers are "access devices." *United States v. Wright*, 862 F.3d 1265, 1275–76 (11th Cir. 2017). In *Taylor*, we held that production of an unauthorized access device "encompasses a situation in which the defendant cause[s] an innocent third party to create the fraudulent device at the defendant's behest." *Taylor*, 818 F.3d at 678–79.

Here, we conclude that the district court did not err in applying the enhancement under § 2B1.1(b)(11) because Blain produced an unauthorized access device.[1] The factual basis to which Blain stipulated noted:

> The defendant and others conspired and engaged in a scheme to defraud the United States Government of money through the filing of false tax returns to the Internal Revenue Service ("IRS"). The scheme utilized others' personal identifying information ("PII") to file the fraudulent tax returns claiming tax refunds. The funds were then electronically deposited into bank accounts and subsequently withdrawn using *debit cards opened in the names of identity theft victims*.

(emphasis added). It further stated that Blain "made several ATM withdrawals using unauthorized access devices (debit cards) assigned to the fraudulently opened Regions Bank accounts" of the identity theft victims. In his brief on

---

[1] Blain is held responsible for obtaining these debit cards, even if one of his co-conspirators physically performed the act. *See Taylor*, 818 F.3d 671, 678 & n.7 ("A sentencing enhancement may apply even when premised on a co-conspirator's actions because a defendant is responsible for the reasonably foreseeable acts of his co-conspirators.").

3

appeal, Blain concedes that "his co-conspirators used stolen information to open the accounts and debit cards were issued on those accounts," but he argues that because "no embossing or other bank card production machinery was ever determined to have been used during the conspiracy to manufacture debit cards," he could not have "produced" the debit cards. However, under *Taylor*, causing the bank to physically create the unauthorized debit card was sufficient to constitute "production."[2]

**AFFIRMED**.

---

[2] The PSI also cited to § 2B1.1(b)(11)(C)(i), but Blain does not raise any argument regarding this subsection. Accordingly, any challenge in that respect is abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). This subsection alone is sufficient to sustain the enhancement.

4